*560 OPINION OF THE COURT
Ute Wolff Lally, J.
In September of 1987, the plaintiff, Robert Trestman, entered into an oral agreement with the defendant for a home and termite inspection of premises which the plaintiffs were in the process of purchasing. The defendant conducted the requested inspection and furnished a report to the plaintiffs which did not disclose the existence of any termite infestation or structural damage.
Prior to the request for an inspection, the plaintiffs made a $100 deposit toward the purchase of said premises and signed a sales agreement which was on a one-page form prepared by a broker. The plaintiffs subsequently entered into a formal contract of sale allegedly relying upon the defendant’s favorable inspection report.
Approximately seven months after closing, the plaintiffs discovered that the house they purchased had termite infestation and structural damage which existed at the time of the inspection. The plaintiffs are now seeking to recover the cost of repairing this damage contending that had these conditions been disclosed in the inspection report they would have either not proceeded with the sale or sought a reduction in price before they entered into a formal contract.
Upon the trial of this action, the defendant made a motion to dismiss the plaintiffs’ claim upon the ground that the defendant’s failure to disclose these adverse conditions was not the proximate cause of the plaintiffs’ damages. The defendant argues that the plaintiffs were already obligated to purchase the house by virtue of the broker’s sales agreement which was executed prior to their request for an inspection and not conditioned upon the receipt of a favorable home and termite inspection report.
The issue of whether or not the broker’s sales agreement was a binding contract of sale is not essential to the determination of the defendant’s motion. Even assuming, arguendo, that the broker’s sales agreement was a binding contract, execution of that agreement did not preclude the plaintiffs from relying upon the defendant’s report.
As a general rule, the intent of the parties is the decisive factor in determining the relative rights and obligations of the parties to a contract. (Matter of People [Lawyers Westchester Mtge. & Tit. Co.], 288 NY 40.) However, the parties to a contract on a subject matter concerning which known usages
*561 prevail are deemed to have incorporated such usages, by implication, into their agreement, if nothing is said to the contrary. (Schipper v Milton, 51 App Div 522, affd 169 NY 583; see generally, 22 NY Jur 2d, Contracts, § 204.)
In the case before this court, the broker’s sales agreement is silent regarding the subjects of termite infestation and structural damage. However, the agreement expresses the intention of the parties to execute a more formal contract. This court is cognizant of the fact that on Long Island it is customary for a formal contract for the sale of real property to include a contingency clause which permits cancellation of the contract or adjustments in the event that termite infestation or structural damage is discovered after execution of the contract.
In view of this custom, this court concludes that the parties to the broker’s sales agreement intended to include such a contingency clause in their formal contract of sale, notwithstanding the absence of an expressed intention to do so in the broker’s sales agreement. Therefore, the plaintiffs were not unconditionally bound to purchase the premises upon signing the broker’s sales agreement. If they had received a report which revealed termite infestations and/or structural damage, they clearly had the right to insist on a cure by the sellers or to cancel the agreement.
Accordingly, the defendant’s motion is denied.